# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv312-W[1]-02
# (3:02cr190-1-W)

| | |
|---|---|
| **HECTOR RUBEN McGURK,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before this Court on Petitioner's Motion to Expand Record/ Supplement and Motion to Appoint Forensic Document Examiner (Doc. No. 19).

After being acquitted of certain witness tampering charges and receiving a mistrial as to other charges, during a retrial in April 2005, a second jury convicted Petitioner of conspiracy to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. (Criminal Case No. 3:02cr190-1, Doc. No. 133). Upon his convictions, the Court sentenced Petitioner to life imprisonment for the drug charge and to a concurrent 240-month term for the money laundering offense. (Id., Doc. No. 187). Petitioner timely appealed his case to the Fourth Circuit Court of Appeals where he argued that this Court erroneously denied his motions for a new trial and to dismiss for improper venue; that the evidence was insufficient to support his convictions; that this Court improperly admitted certain tape recorded evidence; that the Government withheld

---

[1] This case is assigned to the Honorable Frank D. Whitney, United States District Judge. However, the instant Order has been signed by the Honorable Graham C. Mullen, Senior United States District Judge, in Judge Whitney's absence. See 3:11mc67-W, Doc. No. 1.

evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); and that this Court erred in imposing a life sentence upon him. United States v. McGurk, 290 F. App'x 585, 588 (4th Cir. Aug. 27, 2008) (unpublished). However, the Court of Appeals rejected Petitioner's claims and affirmed his convictions and sentences. Id. at 589.

Thereafter, Petitioner returned to this Court on July 24, 2009 with the instant Motion to Vacate asserting a plethora of claims against this Court, the Government, Petitioner's prior proceedings, and his three former attorneys. (Doc. No. 1). Petitioner alleges, inter alia, that he was subjected to an unlawful arrest, improper venue and witness tampering; he was subjected to numerous instances of ineffective assistance of counsel; that the Court committed various errors; and that the Government engaged in acts of misconduct. (Id.). After obtaining three extensions of time, on May 14, 2010, the Government filed a Response in opposition to Petitioner's Motion. (Doc. No. 16). In short, that Response asserts that Petitioner's attorneys were not ineffective and, in any event, he suffered no prejudice from their assistance; that any errors that occurred in his case were harmless; that he defaulted certain claims without excuse; and that he is not entitled to any relief on those or any of his other rambling allegations. (Id. at 74). Accordingly, the Government asks the Court to summarily deny Petitioner's Motion. (Id. at 75). Thereafter, Petitioner filed a Reply to the Government's Response, purporting to respond to Respondent's arguments. (Doc. No. 18).

By the instant Motion, Petitioner seeks the appointment of a forensic document examiner (Doc. No. 19). Such Motion argues that the record is unclear concerning who wrote and/or altered the information on a slip of paper that was found at an uncharged co-conspirator's home,

2

thereby linking Petitioner with that co-conspirator.[2]  (Id. at 10).  According to Petitioner, a law enforcement officer wrote or altered the information on the paper to reflect Petitioner's telephone number so as to manufacture evidence against him.  (Id.).  Petitioner suggests that this piece of evidence was critical to establishing his guilt and that in the absence of an explanation, his conviction is unjust.

The request for the appointment of a forensic expert is governed by 18 U.S.C. § 3599.  That Rule provides that "[i]n any post conviction proceeding under section ... 2255 ... any defendant who is or becomes financially unable to obtain ... investigative, expert or other reasonably necessary services shall be entitled to the appointment ... of such other services ... [u]pon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant...." 18 U.S.C. § 3599(2)(f).  The Fourth Circuit has said that such services are "reasonably necessary" when "a substantial question exists over an issue requiring expert testimony for its resolution and the defendant's position cannot be fully developed without professional assistance."  Wright v. Angelone, 151 F.3d 151, 163 (4th Cir.1998) (internal quotation marks omitted) (quoting Williams v. Martin, 618 F.2d 1021, 1026 (4th Cir.1980).  See also Lawson v. Dixon, 3 F.3d 743, 753 (4th Cir.1993) (analyzing request for appointment of expert under former standard and determining that appointment is not required unless evidence forecasted by experts would require evidentiary hearing to resolve claims); and Fuller v. Johnson, 114 F.3d 491, 502 (5th Cir.1997) (investigative or expert services are not "reasonably necessary" unless they can be tied to viable habeas claim of constitutional proportions).

---

[2]  Although the caption of Petitioner's Motion includes his request to expand and supplement the record, his Motion does not argue for the inclusion of any specific information.  Therefore, the Court presumes that Petitioner is seeking to supplement the record with any information that he is able to obtain from the requested forensic expert.

3

In the instant case, Petitioner has failed to identify a substantial question relevant to his proceedings which will require the assistance of an expert to resolve. In fact, Petitioner concedes that "the issues at hand are relevant solely to the **second** conspiracy not charged in the government's bill of indictment." (Doc. No. 19 at 10, emphasis in original). Furthermore, the Fourth Circuit already determined in connection with Petitioner's claim of insufficient evidence, that "substantial evidence supported [his] convictions." McGurk, 290 F. App'x at 587. Suffice it to say, therefore, the slip of paper in question was not the linchpin of the Government's case. Consequently, because there is no basis for the Court to conclude that expert analysis or testimony is necessary to resolve Petitioner's claims, this request must be denied.

Finally, the Court advises the parties that should they choose to file any dispositive motions, particularly motions for summary judgment, they must do so within ninety (90) days of the date of this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Expand Record/Supplement and Motion to Appoint Forensic Document Examiner is **DENIED**;

2. The parties have ninety (90) days from the date of this Order in which to file any dispositive motions; and

3. In the event any such dispositive motion is filed, the opposing party shall have thirty (30) days in which to file a response with the Court.

Signed: December 13, 2011

*[signature]*

Graham C. Mullen
United States District Judge