UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-312-FDW
(3:02-cr-190-FDW-1)

| | |
|---|---|
| HECTOR RUBEN MCGURK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 23), as to all claims raised by Petitioner in his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Respondent's Motion will be granted, and Petitioner's Section 2255 motion will be denied and dismissed.

### I. BACKGROUND

Following a trial by jury in the Western District of North Carolina, Petitioner was found guilty of conspiracy with intent to distribute in excess of 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. Petitioner was sentenced to life imprisonment, and he noted a timely appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner raised several arguments, all of which were rejected by the Fourth Circuit. Of importance to the present inquiry, Petitioner argued that the evidence presented at trial was insufficient to support his convictions. The Court disagreed with this argument after finding that there was substantial evidence to support his convictions. United States v. McGurk, 290 F. App'x 585, 587 (4th Cir. 2008) (unpublished). Next, the Court rejected Petitioner's

1

argument that the district court erred in admitting a tape recording into evidence. The tape recording captured a phone call between Petitioner and a co-conspirator. Petitioner argued that the admission of the tape violated his rights as protected by the Confrontation Clause "because the agent who monitored the phone call allegedly did not disclose his proximity to the co-conspirator at [Petitioner's] first trial and was not available to be cross-examined on this issue at the second trial that resulted in [Petitioner's] convictions." Citing Petitioner's failure to object to this evidence at trial, the Court examined Petitioner's argument under the plain error standard. Id. The Court found that they could exercise discretion "to notice the error only 'if the error seriously affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 736 (1993)). In dismissing this argument, the Court observed that Petitioner had failed to "identify a testimonial statement that was not subject to cross-examination." Id. at 588.

Last, Petitioner challenged the district court's imposition of the sentence of life imprisonment. The Court denied this claim for relief after concluding that the district court did not commit any procedural errors in imposing the sentence and the imposition of life was substantively reasonable in light of the record. Id.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Government has filed a motion for summary judgment on all claims raised by Petitioner in his Section 2255 motion. (3:09-cv-312, Doc. No. 23).

Petitioner requests an evidentiary hearing, "if necessary" to resolve the claims raised in

2

Case 3:09-cv-00312-FDW    Document 25    Filed 08/29/12    Page 2 of 12

his Section 2255 motion. (Doc. 24 at 6). After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.  DISCUSSION

    **A.**  **Ground One: unlawful arrest and detention, prosecutorial misconduct, government collusion, denial of effective assistance of counsel (addressed infra at III.B.), all in violation of 4th, 5th, 6th, and 8th Amendments.**

(3:09-cv-312, Doc. No. 1 at 5).[1]

Due to the wholly convoluted and thoroughly meandering nature of Petitioner's arguments, as he has presented such arguments throughout his Section 2255 motion, perhaps it is best to let the Petitioner sum up his own argument in Ground One:

> Mr. McGurk's unlawful arrest was the product of egregious conduct by federal agents in conjunction with government cooperating witnesses, whom clandestinely formed a collusion and contrived "fraudulent" witness tampering charges against Mr. McGurk . . . that resulted in Mr. McGurk's unlawful arrest and detention. The meticulous planning and execution of the cabalist's intent triggered the derailment and subversion of justice, in violation of Mr. McGurk's Fourth, Fifth, Sixth, and Eighth Amendment Rights to the United States Constitution.

(Id.). Petitioner's arguments in this section address what he contends are constitutional violations stemming from witness tampering charges, charges for which Petitioner was not convicted and such charges are not properly addressed in this Section 2255 motion. Petitioner's arguments regarding government collusion will be address below, infra at III.C.

28 U.S.C. § 2255(a) provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming

---

[1] All citations to documents of record are to the page numbers as identified by the bottom footer produced by the Clerk's ECF system.

3

> the right to be released upon the ground <u>that the sentence</u> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose <u>such sentence</u>, or that <u>the sentence</u> was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

As noted above, Petitioner was indicted and convicted for violations of conspiracy with intent to distribute in excess of 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956, and the Fourth Circuit upheld these convictions in their entirety after finding that the convictions were supported by substantial evidence. While Petitioner was charged with witness tampering, he was ultimately acquitted of that charge in his first trial which involved the counts of conviction noted above and other charges which will be addressed below. To the extent Petitioner is seeking to argue prejudice, in whatever form he casts it in his first ground for relief, based on an arrest for which he was not convicted, and a charge which is not the subject of his current convictions or sentence, his claims must fail. Petitioner's Ground One is denied and dismissed.

### B. Ground Two: Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To establish prejudice under <u>Strickland</u> a defendant bears the burden of showing "that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." Id. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury . . . a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Id. In reviewing claims of ineffective assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. In fact, the Court must make "every effort . . . to eliminate the distorting effects of hindsight," and examine such claims with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Ultimately, the petitioner bears the burden of proving prejudice under Strickland, and if he fails to do so "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). If the petitioner fails to make both showings under Strickland, then his claims of ineffective assistance of counsel must fail. Strickland, 466 U.S. at 686.

On June 29, 2004, Petitioner was named in an eleven count, third superseding indictment. (3:02-cr-190, Doc. No. 38). The charges in this indictment came on for trial before a jury in the Western District on December 6, 2004, the Honorable Graham C. Mullen presiding. In Counts One and Three, the jury deadlocked and the court declared a mistrial as to those counts.[2] Counts Four through Eleven of the third superseding indictment were dismissed at Petitioner's first trial following a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal

---

[2] Counts One and Three were the same charges on which Petitioner was ultimately convicted following a retrial in March 2005.

5

Procedure. (Docket Entry, December 9, 2004). Petitioner was acquitted by the first jury of Count Two. (Doc. 95: Jury Verdict).

On April 4, 2005, Petitioner was retried on Counts One and Three before a jury in the Western District with the Honorable James C. Cacheris presiding. As noted, the jury found Petitioner guilty of Counts One and Three, and the Fourth Circuit upheld the convictions in their entirety and the sentence of life imprisonment.

Petitioner makes lengthy, rambling arguments regarding the deficiencies of attorneys which represented him during the course of his time spent facing criminal charges in the Western District. Petitioner's arguments regarding counsel that did not represent him during the trial where he was convicted of Counts One and Three are not cognizable in this collateral proceeding. As the Court previously observed, this Section 2255 proceeding is strictly limited to a challenge to Petitioner's convictions and sentence in his retrial. Petitioner is simply not entitled to habeas relief on claims regarding alleged actions, or omissions, of his attorneys as it pertains to his first trial. See (3:09-cv-312, Doc. No. 1 at 23-48: detailing seemingly endless objections to performance of his Texas trial counsel, Mr. Olivas). During his retrial, Petitioner was represented by Richard A. Culler, and arguments regarding ineffective assistance of counsel, or government misconduct, for instance, will be limited to the facts extant from the record surrounding Petitioner's March 2005 retrial.

Petitioner contends Mr. Culler was ineffective for failing to properly prepare for his retrial. This lack of preparation, Petitioner argues, includes failing to involve Petitioner in preparation for his retrial, failing to conduct a proper investigation into the allegations of Counts One and Three, failing to employ an investigator, and failing "to meticulously sift through the vast amount of discovery material and information intentionally overlooking potential

6

exculpatory documents and information necessary to challenge and belie the government's evidence and witness' testimony." (Doc. No. 1-1 at 4-5). The net result, as Petitioner maintains, is that Mr. Culler's lack of preparation prevented Culler from discovering "exculpatory documents that could only have been discovered through the painstaking task of reading the discovery material or through a thorough investigation of the case." (Id. at 5).

It is Petitioner's burden to prove that his counsel's representation fell below an objective standard of reasonable <u>and</u> that he suffered prejudice as a result. While Petitioner cites to various alleged instances in his motion, he has failed to carry his burden to show he is entitled to any relief under <u>Strickland</u>. For instance, Petitioner contends that Mr. Culler only visited him a handful of times in jail prior to his retrial, and that his counsel failed to alert the Court to what Petitioner asserts was a bombardment of media attention in the lead-up to the retrial. (Id. at 7). The Government has responded to these allegations with a twelve page affidavit from Mr. Culler which attempts to address the many, many claims raised by Petitioner. (Doc. No. 16-1: Affidavit of Richard Culler ("Culler Aff.")).

In August 2003, Mr. Culler was appointed as lead counsel in Case No. 3:03-cr-132 which is the case involving the witness tampering charge that was eventually consolidated with Case No. 3:02-cr-190. Mr. Culler was appointed as local counsel to represent Petitioner in March 2004; Mr. Olivas, Petitioner's Texas counsel, retained primary duties of representation in Case No. 3:02-cr-190.(Culler Aff. ¶¶ 4-5). <u>See</u> (3:02-cr-190, Docket Entry: Inquiry into Status of Counsel). Mr. Culler's affidavit details extensive, cross-county preparation with Mr. Olivas, who was stationed mainly in Texas, as they prepared to challenge the charges pending in the Western District, i.e. "countless hours preparing our trial strategy, and in addition, discussing that strategy with [Petitioner] by means of in-person conferences, telephone communication and mail." (Id. ¶¶

7

Case 3:09-cv-00312-FDW   Document 25   Filed 08/29/12   Page 7 of 12

7-8). Mr. Culler's affidavit also points to the benefit in preparing for the retrial from the many detailed outlines prepared by Petitioner in advance of the first trial "which described what, in his judgment, were the appropriate areas of cross examination and impeachment of government witnesses; particularly the many co-defendants which we knew would be called by the Government during the course of the trial to testify against [Petitioner]." (Id. ¶ 9). Mr. Culler described these outlines as helpful in "identifying areas of weakness in the government's case, which may not have been readily apparent from some of the discovery materials produced, to further providing counsel with guidance as to how [Petitioner] would prefer that we proceed with respect to attacking the Government's case-in-chief." (Id.). Mr. Culler addressed the possible use of an investigator and concluded that the defense would not likely be helped by the services of an investigator "since much of the information that we felt was exculpatory in nature had already been secured by the Government and turned over to the defense as part of the discovery." (Id. ¶ 11).

In his response to Mr. Culler's affidavit, Petitioner alleges that at their first meeting, Culler expressed that he was not interested in the witness tampering case for which he was appointed, 3:03-cr-132, and that Culler expressed that Mr. Olivas should represent Petitioner on the drug charges in 3:02-cr-190 (of which he was largely convicted), and on the witness tampering charge. (Doc. No. 18 at 29). Contrary to this assertion, Culler's affidavit demonstrates that he dove headlong into representation of Petitioner, and he did so despite the inherent limitations in the cross-country preparation that was necessary for much of the time, and the voluminous amount of discovery produced by the Government. Moreover, and most importantly for the analysis of Petitioner's Strickland claims, Mr. Culler represented Petitioner admirably in the face of what was evidence of overwhelming guilt, guilt the Fourth Circuit concluded was

8

supported by substantial evidence. McGurk, 290 F. App'x at 587 ("[W]e conclude substantial evidence supported McGurk's convictions."). In his response, Petitioner presents a broadside attack, with minute critiques of every aspect of Mr. Culler's representation. However, this sort of attack is merely conclusory and does nothing to further Petitioner's admitted mission to demonstrate Strickland prejudice. Petitioner's assertion that Mr. Culler's trial preparation was simply insufficient does not alert this Court to prejudice. Mr. Culler's affidavit makes plain that he spent a substantial amount of time preparing for Petitioner's first trial and for his retrial. In particular, preparation time spent reviewing Petitioner's trial outlines, reviewing the Government's extensive discovery, and reviewing the trial transcripts from the first trial.

The fact that there were numerous witnesses and hours of testimony presented by the Government which provided substantial evidence of Petitioner's guilt on Counts One and Three cannot be attributed to Mr. Culler's allegedly deficient preparation. What Petitioner has really endeavored to do throughout his 200-plus page Section 2255 motion, and his 45 page response to the Government's response, is to challenge the sufficiency of the evidence which the jury relied upon to convict him at trial. Challenges to the credibility of the witnesses, or to the evidence presented, are foreclosed by the Fourth Circuit's opinion affirming Petitioner's convictions. The jury heard testimony over the course of four days, from April 4, 2005 through April 8, 2005. The jury retired to deliberate at 11:48 a.m. and returned with a verdict of guilty on Counts One and Three at 12:56 p.m., or a little over an hour later. (3:02-cr-190, Doc. No. 168: Trial Transcript at 87).

In sum, a review of the transcript of Petitioner's retrial and the record in this matter demonstrate overwhelming evidence of Petitioner's guilt. Questions regarding the credibility of the witnesses are not properly considered on direct appeal, and certainly not in this collateral

9

proceeding. Moreover, Mr. Culler's affidavit provides significant evidence which amply rebuts Petitioner's conclusory statements regarding Culler's alleged unpreparedness for the retrial. Petitioner's arguments regarding the ineffective assistance of counsel are unsupported by the record and are therefore denied and dismissed.

      **C.    Grounds Three, Four and Five: Claims against the Government and the Court**

These claims again meld arguments regarding ineffective assistance of counsel, prosecutorial misconduct, due process violations, and a defective bill of indictment.[3] As to the latter claim, Petitioner's claim regarding the indictment must be dismissed. Petitioner argues that the dates for the conspiracy, as alleged in the indictment, set the parameters for the introduction of relevant evidence. (3:09-cv-312, Doc. 1-4 at 13). The jury's verdict sheet makes plain that the fact finders considered Count One, the conspiracy to possess with intent to distribute marijuana, and found sufficient evidence of the conspiracy to return a verdict of guilty. (3:02-cr-190, Doc. No. 133 at 1). And again, Petitioner launches into descriptions and arguments about the evidence presented at trial, but these arguments are foreclosed by the Fourth Circuit's decision on direct appeal. Petitioner cannot reiterate this argument regarding the evidence in this Section 2255 proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on direct appeal); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

Petitioner's argument regarding Government misconduct begins as follows:

---

[3]Petitioner's claims regarding ineffective assistance of counsel have been addressed supra, at III.B, and will therefore not be addressed herein.

10

> It is an indisputable fact that the core of the government's case was its reliance upon the veracity of its cooperating witnesses to prove its case against Mr. McGurk. This case is devoid of tangible supporting evidence that would sustain the testimony of government cooperating witnesses. At best the government's case only germinates a scenario of piling inference upon inference.

(Id. at 17).

Petitioner contends that agreements between the Government and cooperating witnesses "opened the flood gates to the germination of fraud by its cooperating witnesses." (Id.). Petitioner's arguments regarding Government misconduct, fraud, false and misleading evidence and perjury are unsupported by any evidence offered by Petitioner, or in the record. The fact is, these witnesses were called by the Government, and subjected to vigorous cross-examination by Petitioner's trial counsel, Mr. Culler. It is not an actionable claim in this habeas proceeding to merely express frustration or disagreement with the nature of the witnesses' testimony. These are again unadorned attacks on the credibility of the witnesses, and nakedly unsupported allegations of Government participation in a fraud upon the Court.

In conclusion, Petitioner's repeated attacks on the credibility of the witnesses who gave testimony against him must fail. So too, must his unsupported attacks on the Government. Further, there is no merit to an insinuation in a collateral proceeding that plea agreements between the Government and cooperating witnesses runs afoul of any of Petitioner's rights so long as the Petitioner had the opportunity to cross-examine the witnesses and raise issues regarding their credibility. As the Court has found already, Petitioner's counsel subjected each witness to a full and fair cross-examination.

Petitioner's arguments herein are nothing short of an attack on the evidence presented which was found on direct appeal to be substantial evidence supporting the jury's finding of Petitioner's guilt, and the law of the case doctrine "forecloses relitigation of issues expressly or

11

impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Petitioner's grounds for relief as set forth in this habeas proceeding and will be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Respondent's Motion for Summary Judgment, (Doc. No. 23), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion is **DENIED** in its entirety, and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 29, 2012

Frank D. Whitney
United States District Judge